IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DELVON HOUSER,** | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 5:20-00222 |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| Respondent. | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be either (1) construed as a Section 2255 Motion and transferred to the United States District Court for the Northern District of Ohio, or (2) dismissed.

### FACT AND PROCEDURE

A.  **Criminal Action No. 1:17-cr-00111:**

On September 5, 2017, Petitioner pled guilty in the United States District Court for the Northern District of Ohio to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (Document No. 11-2.); United States v. Houser, Case No. 1:17-cr-00111 (N.D.Oh. Feb. 16, 2018), Document No. 19. On February 16, 2018, the District Court sentenced Petitioner to a total term of 92-months of imprisonment, to be followed by a three-year term of supervised release. (Document No. 11-3.); Houser, Case No. 1:17-cr-00111, Document Nos. 24 and 25.

On February 26, 2018, Petitioner filed his Notice of Appeal. Id., Document No. 26. In his appeal, Petitioner argued that the District Court erred by denying his Motion to Suppress. (Document No. 11-4.) On September 28, 2018, the Sixth Circuit affirmed Petitioner's conviction and sentence. (Id.); United States v. Houser, 752 Fed.Appx. 223 (6th Cir. 2018).

**B.     Instant Section 2241 Petition:**

On March 26, 2020, Petitioner, acting *pro se*, filed his instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Memorandum in Support.[1] (Civil Action No. 1:20-00222, Document Nos. 2 and 3.) In his Petition, Petitioner alleges he is actually innocent of his conviction under 18 U.S.C. 922(g) based upon Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id.) Petitioner explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Petitioner alleges that when he pled to his 18 U.S.C. § 922(g) conviction, he did not know "that he belonged to a relevant category or persons barred from possession of a firearm, making Petitioner's act of possession not guilty because he did not know he wasn't allowed to possess a firearm." (Id.) Finally, Petitioner contends that Section 2255 "is inadequate or ineffective to test the legality of his detention." (Id.) Petitioner claims he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law has negated." (Id.)

By Order entered on June 17, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

*Habeas Corpus* sought by the Petitioner in this case should not be granted. (Id., Document No. 7.) On July 17, 2020, Respondent filed his Response to the Order to Show Cause. (Id., Document No. 11.) Respondent contends that Petitioner's Petition is improper under Section 2241 and should be either dismissed or transferred to the court of conviction. (Id.) Respondent argues that "Petitioner's claim is precisely the type of claim that should be brought in a § 2255 petition, as it involves the imposition rather than the execution of Petitioner's sentence." (Id.) Respondent further contends that the "savings provision of § 2255 is not applicable to the Petition at hand [because] Petitioner has not shown that his remedies under § 2255 were ineffective or unavailable." (Id.) Respondent argues that "Rehaif offers no relief pursuant to the savings provision of § 2255." (Id.) Respondent further notes that Petitioner pled guilty to being a felon in possession of a firearm and "[a] knowing, voluntary, and intelligent plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." (Id.) Additionally, Respondent argues that any claim that the conduct underlying Petitioner's conviction has been deemed not criminal is incorrect. (Id.) Respondent contends that "several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal." (Id.) Therefore, Respondent contends that "this Court should dismiss the petition, or alternatively, construe it as a § 2255 motion and transfer it to the Northern District of Ohio." (Id.)

In Reply, Petitioner states that he "is of the opinion that the legal, prevailing argument articulated by the United States Attorney is probably the better argument." (Document No. 15.) Petitioner further indicates that if this Court determines that Section 2255 is not inadequate or ineffective, Petitioner is not opposed to his Section 2241 being construed as a Section 2255 Motion and transferred to the sentencing court. (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction as imposed by the Northern District of Ohio. Specifically, Petitioner alleges that his Section 922(g) conviction is invalid based upon Rehaif. In Rehaif, the United States Supreme Court considered whether under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm and had obtained the relevant status which made his possession of the firearm illegal. United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Petitioner is clearly challenging the validity of his conviction, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Petition should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Ohio. A Section 2255 Motion filed in a Court other than the sentencing Court should

be transferred to the Court which sentenced the petitioner. Thus, Petitioner's instant Petition should be construed as a Section 2255 Motion and transferred to the Northern District of Ohio because Petitioner has not yet proceeded under Section 2255 in the sentencing Court. Petitioner appears to argue that Rehaif is retroactive because the Supreme Court recognized a significant change in the interpretation of Section 922(g) that affects the validity of his conviction.[2] Assuming Petitioner is correct in his argument that Rehaif is retroactive, Petitioner's Section 2255 Motion would be considered timely upon the construing of Petitioner's instant Section 2241 Petition as a Section 2255 Motion and transferring such to the sentencing Court. The Supreme Court decided Rehaif on June 21, 2019, and Petitioner filed his instant Petition less than one year later (March 26, 2020).[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the

---

[2] In *Kelly v. United States*, 2021 WL 2373896, * 2 (6th Cir. Feb. 5, 2021), the Sixth Circuit determined that *Rehaif* announced a new substantive rule that applies retroactively to cases on collateral review. *Also see Baker v. United States*, 848 Fed.Appx. 188, 189 (6th Cir. 2021)(noting that the parties agreed that *Rehaif* applies retroactively to cases on collateral review and the Court accepts the government's concession on this issue).

[3] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:
    (1)    the date on which the judgment of conviction becomes final;
    (2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.
28 U.S.C. § 2255(f). The relevant starting point for the AEDPA statute of limitations arguably is June 21, 2019, the day the Supreme Court announced its decision in *Rehaif*. Applying this rationale, Petitioner filed the instant Petition asserting his *Rehaif* claim on March 26, 2020, well within the statute of limitations for a claim under Section 2255.

undersigned will consider his claim under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the

Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Petition, this Court applies Fourth Circuit procedural law and Sixth Circuit[5] substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[5] Petitioner was convicted in the Sixth Circuit, therefore, the substantive law of the Sixth Circuit controls.

conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. In support of his Section 2241 Petition, Petitioner argues that his Section 922(g) conviction should be overturned in light of Rehaif.[6] Petitioner, however, cannot satisfy the second prong of either the Jones or Wheeler test. Specifically, Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. The undersigned notes that Petitioner could have pursued this Rehaif claim in a timely Section 2255 Motion. The Supreme Court decided Rehaif on

---

[6] Although Petitioner argues that his Section 922(g) conviction is invalidated by *Rehaif*, the undersigned finds that *Rehaif* did not decriminalize the underlying conduct that Petitioner was charged and convicted. *See Deandre v. Adams*, 2021 WL 932024, * 4 (N.D.W.Va. March 11, 2021)(collecting cases)(finding that "petitioner cannot satisfy the second condition under *Jones* because *Rehaif* did not change substantive law"); *McCray v. United States*, 2020 WL 8254438, * 5 (E.D. Ark. March 25, 2020)(finding there was "nothing about *Rehaif* to suggest that [petitioner] may have been convicted of a nonexistent offense"); *Swindle v. Hudgins*, 2020 WL 469660, * 2 (N.D.W.Va. Jan. 29, 2020)("[T]he crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Moss v. Dobbs*, 2019 WL 7284989, * 9 (D.S.C. Sept. 23, 2019)(finding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), *proposed finding and recommendation adopted by* 2019 WL 5616884 (D.S.C. Oct. 21, 2019). Furthermore, *Rehaif* addressed the elements the government had to prove at trial to establish a defendant's guilt under Section 922(g). A review of Petitioner's underlying criminal proceedings reveal that Petitioner pled guilty to one count of Section 922(g), thereby conceding the United States had proved its case. In the Indictment, Petitioner was charged with "having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, those being, Robbery, in Case Number CR-13-579815-A, in the Cuyahoga County Common Pleas Court, on or about March 19, 2014, and Felonious Assault, in Case Number CR-04-458799-A, in the Cuyahoga County Common Pleas Court, on or about March 29, 2005, did knowingly possess in and affecting interstate commerce a firearm, to wit: a Taurus, Model 38 Special, .38 caliber revolver, serial number UG898185 . . ..". *Houser*, Case No. 1:17-cr-0111, Document No. 1; *also see Kelly v. United States*, 2021 WL 2373896, * 2 (6th Cir. Feb. 5, 2021)(finding petitioner was "not entitled to relief under *Rehaif* because he acknowledged that he had prior felony convictions for which he had served terms of imprisonment exceeding one year"); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019)("*Rehaif* did not grant onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code).

9

June 21, 2019. Even assuming Rehaif is not retroactive under Section 2255(f)(3), Petitioner had until December 28, 2019 to file a timely Section 2255 Motion pursuant to Section 2255(f)(1).[7] See Abdullah v. Hedrick, 392 F.3d 957, 963 (8th Cir. 2004)(finding that a federal prisoner is prohibited from seeking *habeas* relief where the prisoner had "an unobstructed procedural opportunity to present his claim" through Section 2255); also see Pollock v. Kallis, 2021 WL 799460, * 3 (D.Minn. Jan. 13, 2021)(finding that Section 2255 was not inadequate or ineffective where petitioner had an earlier "unobstructed procedural shot" at asserting his *Rehaif* claim). Therefore, Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction.

Based on the foregoing, the undersigned proposes that the District Court construe Petitioner's Section 2241 Petition (Document No. 2) as a Section 2255 Motion and transfer such to the United States District Court for the Northern District of Ohio.[8] To the extent Petitioner

---

[7] The Sixth Circuit affirmed Movant's conviction and sentence on September 28, 2018, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (December 28, 2018).

[8] In *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), the United States Supreme Court held that when a court proposes to construe a *pro se* litigant's post-conviction motion as the movant's first Section 2255 Motion, the Court is required to notify the movant of the restrictions and limitations under Section 2255, thereby giving the movant an opportunity to contest the recharacterization, or to withdraw or amend the motion. *Castro v. United States*, 540 U.S. 375, 383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003); *also see United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002)(holding "that if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so re-characterize the motion"). Accordingly, Petitioner is hereby **NOTIFIED** that pursuant to the AEDPA, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the dates set forth in Section 2255(f)(1) – (4). Petitioner is further hereby **NOTIFIED** that Section 2255 also limits a Petitioner's ability to file a second or successive Section 2255 motion. Petitioner is advised that if he chooses to later file a second or successive Section 2255 Motion, he must obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3). *See In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999)("before a prisoner can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."); 28 U.S.C. § 2244(b)(3)(A). To obtain certification from the Court of Appeals, Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable

10

objects to the re-characterization of his Section 2241 Petition, the undersigned respectfully recommends that his Section 2241 Petition be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Petitioner's Section 2241 Petition (Document No. 2) as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, and **TRANSFER** it to the United States District Court for the Northern District of Ohio.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

---

factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: January 18, 2023.

Omar J. Aboulhosn
United States Magistrate Judge